UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD KIRK BROWN,

    Plaintiff,                                     Hon. Janet T. Neff

v.                                                  Case No. 1:12 CV 458

MARY BERGHUIS, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motion for Dismissal, (dkt. #14), and Defendants' Motion for Dismissal, (dkt. #31). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's claims against all Defendants be **dismissed** for failure to state a claim on which relief may be granted and this matter **terminated**. In the alternative, the undersigned recommends that Defendants' motions be **granted**.

## BACKGROUND

Plaintiff initiated this action on February 28, 2012, against fifteen individuals. Plaintiff alleges that Defendants destroyed his incoming legal mail and refused to mail any of his outgoing legal mail. Plaintiff asserts that Defendants' actions constitute a violation of his First Amendment right of access to the courts. Plaintiff seeks monetary and injunctive relief. Thirteen of the fifteen defendants now move to dismiss Plaintiff's action. Plaintiff has failed to respond to Defendants' motions.

**LEGAL STANDARD**

A Rule 12(b)(6) motion to dismiss for failure to state a claim on which relief may be granted tests the legal sufficiency of a complaint by evaluating the assertions therein in a light most favorable to Plaintiff to determine whether such states a valid claim for relief. *See In re NM Holdings Co., LLC*, 622 F.3d 613, 618 (6th Cir. 2000).

As the Supreme Court recently stated, a motion to dismiss will be denied only where the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). As the Supreme Court more recently held, to survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the wellpleaded facts do not permit the court to infer more than the mere

>           possibility of misconduct, the complaint has alleged - but it has not
>           "show[n]" - "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

When resolving a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to the defendant's motion to dismiss provided such are referenced in the complaint and central to the claims therein. *See Bassett v. National Collegiate Athletic Assoc.*, 528 F.3d 426, 430 (6th Cir. 2008); *see also*, *Continental Identification Products, Inc. v. EnterMarket, Corp.*, 2008 WL 51610 at *1, n.1 (W.D. Mich., Jan. 2, 2008) ("an exhibit to a pleading is considered part of the pleading" and "the Court may properly consider the exhibits. . .in determining whether the complaint fail[s] to state a claim upon which relief may be granted without converting the motion to a Rule 56 motion"); *Stringfield v. Graham*, 212 Fed. Appx. 530, 535 (6th Cir. 2007) (documents "attached to and cited by" the complaint are "considered parts thereof under Federal Rule of Civil Procedure 10(c)").

I.        **Failure to State a Claim**

The First Amendment protects every inmate's right of access to the courts, however, this protection extends only to "direct appeals, habeas corpus applications, and civil rights claims." *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (citing *Lewis v. Casey*, 518 U.S. 343, 355 (1996)). To prevail on a claim for denial of access to the courts, Plaintiff must establish that he suffered "actual injury" (i.e., prejudice) to a non-frivolous legal claim in one of these three categories. *See Brown v. Matauszak*, 2011 WL 285251 at *4 (6th Cir., Jan. 31, 2011) (citing *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) and *Casey*, 518 U.S. at 351). Because Plaintiff has failed to allege that he suffered any

injury or prejudice to a non-frivolous legal claim, he has failed to state a claim on which relief may be granted.  *See Harbury*, 536 U.S. at 414-15; *Twombly*, 550 U.S. at 545; *Iqbal*, 556 U.S. 662, 677-79.

Given Plaintiff's status as a pauper in this matter, the undersigned recommends that Plaintiff's claims against all Defendants be dismissed for failure to state a claim on which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2) (where a prisoner proceeds as a pauper, "the court shall dismiss the case at any time" if the allegations therein fail to state a claim on which relief may be granted).  The undersigned further recommends that the dismissal of this action be considered a dismissal under 28 U.S.C. § 1915(g).

I.        **Eleventh Amendment**

As previously indicated, all defendants, save Defendants Kruse and Roose, have moved the Court to dismiss Plaintiff's claims for failure to state a claim on which relief may be granted. Specifically, Defendants argue that pursuant to the Eleventh Amendment they are entitled to sovereign immunity from Plaintiff's claims.

The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. amend XI.  This provision has long been interpreted as precluding "federal jurisdiction over suits against nonconsenting States."  *Kimel v. Florida Board of Regents*, 528 U.S. 62, 72-73 (2000).  Accordingly, the Eleventh Amendment generally precludes federal court actions against a State unless that state has waived its sovereign immunity or consented to suit in federal court. *See Grinter v. Knight*, 532 F.3d 567, 572 (6th Cir. 2008) (citing *Will v. Michigan Dep't of State Police*,

491 U.S. 58, 66 (1989)). The Court notes that the State of Michigan "has not consented to being sued in civil rights actions in the federal courts." *Johnson v. Unknown Dellatifia*, 357 F.3d 539, 545 (6th Cir. 2004). An action asserted against a State official in his official capacity is considered an action against the State. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991). An exception to this general rule exists, however, for claims seeking prospective injunctive or declaratory (non-monetary) relief compelling a state official (in his official capacity) to comply with federal law. *See Ex Parte Young*, 209 U.S. 123 (1908); *S & M Brands, Inc. v. Cooper*, 527 F.3d 500, 507-08 (6th Cir. 2008) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989)).

In his complaint, Plaintiff clearly indicates that he is suing all Defendants in their official capacity only. In three different parts of his complaint, Plaintiff states that he is suing Defendants in their official capacity only. There is nothing in Plaintiff's complaint to suggest that he is seeking to sue Defendants in their individual capacities. As previously noted, Plaintiff is seeking both monetary and injunctive relief. To the extent that Plaintiff is seeking monetary relief, Defendants are entitled to sovereign immunity. However, sovereign immunity does not shield Defendants from Plaintiff's claims for injunctive relief. Plaintiff's claims for injunctive relief are, nevertheless, subject to dismissal.

Plaintiff seeks injunctive relief against Defendants all of whom are employed at the E.C. Brooks Correctional Facility. Plaintiff has since been transferred to a different facility, rendering moot his request for injunctive relief. *See, e.g., Becker v. Montgomery*, 43 Fed. Appx. 914, 915 (6th Cir., Aug. 13, 2002) (citing *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996)) ("[a] prisoner's request for injunctive and declaratory relief from corrections officials is moot upon his transfer to a different facility").

Accordingly, the undersigned recommends, in the alternative, that Plaintiff's claims against Defendants Berghuis, Walton, Baker, Quinn, Minnerick, Shackleford, Fritz, Barbier, Johnson, Morse, Fierro, Hardiman, and Harris, seeking monetary relief from Defendants in their official capacity, be dismissed on sovereign immunity grounds.  The undersigned further recommends, in the alternative, that Plaintiff's claims against Defendants Berghuis, Walton, Baker, Quinn, Minnerick, Shackleford, Fritz, Barbier, Johnson, Morse, Fierro, Hardiman, and Harris, seeking injunctive relief from Defendants in their official capacity, be dismissed as moot.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Plaintiff's claims against all Defendants be **dismissed** for failure to state a claim on which relief may be granted and this matter **terminated**. The undersigned recommends that the dismissal of Plaintiff's action be considered a dismissal as described by 28 U.S.C. § 1915(g) (i.e., that this dismissal count as a "strike"). The undersigned further recommends, in the alternative, that Defendants' Motion for Dismissal, (dkt. #14), and Defendants' Motion for Dismissal, (dkt. #31), both be **granted**. Finally, the undersigned recommends that appeal of this matter would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: November 6, 2012         /s/ Ellen S. Carmody
                               ELLEN S. CARMODY
                               United States Magistrate Judge