UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD KIRK BROWN,

    Plaintiff,                                Case No. 1:12-cv-458

v                                              HON. JANET T. NEFF

MARY BERGHUIS *et al.*,

    Defendants.
_____/

## OPINION AND ORDER

Plaintiff filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983, alleging that thirteen Michigan Department of Corrections defendants violated his First Amendment right of access to the courts by destroying his incoming legal mail and refusing to mail any of his outgoing legal mail (Dkt 1). Plaintiff further alleged that two other defendants, Deek [K]ruse[1] and Levi Roose at Access Corrections, "want to charge plaintiff for their company breaking th[e] mp-3 player"; Plaintiff requests "[a] court order stopping Access Corrections from taking advantage of the plaintiff and making him pay 8 times more th[a]n what it's worth" (Dkt 1 at 9-10). The thirteen defendants involved in Plaintiff's First Amendment claim moved to dismiss the action, arguing that they are entitled to sovereign immunity pursuant to the Eleventh Amendment (Dkt 14; Dkt 31). Defendant

---

[1]Although Plaintiff's complaint states a claim against "Deek Druse" (Dkt 1 at 9), Access Corrections does not have an employee by that name. It does, however, have an employee by the name of "Deek Kruse" (Dkt 39 at 2).

Kruse also filed a motion to dismiss, on behalf of himself and Defendant Roose, for failure to state a claim (Dkt 39).[2]

The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R) recommending that, pursuant to 28 U.S.C. § 1915(e)(2), this Court dismiss Plaintiff's claims against all Defendants for failure to state a claim (Dkt 40). In the alternative, the Magistrate Judge recommended that the thirteen defendants' motions to dismiss Plaintiff's First Amendment claim be granted (*id.*).[3] The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation (Dkt 41). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

With respect to the recommendation that Plaintiff's claims against all Defendants be dismissed pursuant to 28 U.S.C. § 1915(e)(2), Plaintiff fails to identify any specific deficiencies in the Magistrate Judge's analysis. Instead, Plaintiff reiterates his prior claim that he "[has] not been allowed his incoming mail or outgoing mail" (Dkt 41), and provides additional exhibits that fail to support his objection (Dkt 41-1). While a pro se litigant's filings should be liberally construed by the Court, *see Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999), Plaintiff's "objections" wholly

---

[2]Defendant Kruse's motion to dismiss states that "Access Corrections does not have an employee by the name of Levi Roose, however the same arguments apply to him and his name should also be stricken from the case caption. He should be dismissed with prejudice as well" (Dkt 39 at 2).

[3]The Magistrate Judge did not address Defendant Kruse's motion to dismiss, which was filed shortly before the Report and Recommendation was entered. Plaintiff has not filed a response to this motion.

fail to supply the basis for his objections. The local rules of this Court require that the objecting party "specifically identify the portions of the proposed findings, recommendations or report to which objections are made *and* the basis for such objections." W.D. Mich. LCivR 72.3(b) (emphasis added). Plaintiff fails to explain how the Magistrate Judge erred in evaluating his complaint, or in applying the pertinent legal standards, and thus he provides basis for rejecting the Report and Recommendation. Accordingly, these "objections" are denied.

Although the Report and Recommendation did not explicitly address Plaintiff's claim against Defendants Kruse and Roose relating to "the company want[ing] to charge plantiff for their company breaking th[e] mp-3 player" (Dkt 1 at 9), the Magistrate Judge properly concluded that it should be dismissed pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim. As the Magistrate Judge correctly stated, in order "to survive a motion to dismiss, a complaint must contain 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face'" (Dkt 40 at 2) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted)).

Plaintiff brought this action under 42 U.S.C. § 1983, which requires him to show that the defendants violated his civil rights under color of state law. *See* 42 U.S.C. § 1983 (1996). Plaintiff fails to state a claim under § 1983 for a violation of any civil rights. Further, Plaintiff's only support for his assertion that Defendants acted under color of state law is his incoherent statement in his objection that "Defendants Deek Druse and Levi Roose both are using correction as part of their [titles]" (Dkt 41 at 1). The Magistrate Judge properly recommended that Plaintiff's § 1983 claim against them be dismissed for failure to state a claim.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. A Judgment will be entered consistent with this Opinion and Order. *See* FED.

3

R. Civ. P. 58. Because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007).

Therefore:

**IT IS HEREBY ORDERED** that the Objections (Dkt 41) are DENIED and the Report and Recommendation (Dkt 40) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Complaint (Dkt 1) is DISMISSED pursuant to 28 U.S.C. § 1915A(b) [1915(e)(2)(B)] for the reasons stated in the Report and Recommendation; the dismissal of Plaintiff's action shall be counted as a strike for purposes of 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that, in the alternative, the Motions to Dismiss (Dkt 14; Dkt 31; Dkt 39) are GRANTED.

**IT IS FURTHER ORDERED** that the Court certifies pursuant to 28 U.S.C. § 1915(a) that an appeal of the Judgment would not be taken in good faith.


Dated: February  26, 2013                          /s/ Janet T. Neff
                                                   JANET T. NEFF
                                                   United States District Judge

4